1  William D. Symmes
   William M. Symmes
2  Witherspoon, Kelley, Davenport & Toole, P.S.
   1100 U.S. Bank Building
3  422 West Riverside Avenue
   Spokane, Washington  99201-0302
4  Phone:  509-624-5265
   Fax: 509-458-2717
5  Attorneys for Plaintiff,
     Philip Morris USA, Inc.

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 07 2006

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

6

7              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF WASHINGTON

8  PHILIP MORRIS USA INC.,

9              Plaintiff,              No. **CV-06-3073-RHW**

10  v.

11  KING MOUNTAIN TOBACCO COMPANY,      COMPLAINT
    INC.; MOUNTAIN TOBACCO; AND
12  DELBERT L. WHEELER, SR.,

13              Defendants.

14      Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), for its

15  complaint against King Mountain Tobacco Company, Inc., Mountain Tobacco,

16  and Delbert L. Wheeler, Sr. (collectively, "Defendants" or "King

17  Mountain"), alleges as follows:

18                          **INTRODUCTION**

19      1.   This is an action for trademark and trade dress infringement

20  and related claims arising from Defendants' intentional copying of the

21  trade dress featuring Philip Morris USA's famous "Roof Design" and

22  related elements displayed on the packs of MARLBORO® cigarettes (the

23  "MARLBORO Trade Dress").  Philip Morris USA for many years has devoted

24  substantial resources to promoting the goodwill of its MARLBORO Trade

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1  Dress in association with its MARLBORO® brand of cigarettes and other
2  tobacco-related products.  As a result, the MARLBORO Trade Dress has
3  become famous and distinctive.

4      2.    By their actions, Defendants have attempted to capitalize on
5  the goodwill associated with this trade dress.  Defendants sell and/or
6  offer for sale, without Philip Morris USA's consent or authorization,
7  cigarettes in packaging bearing a close copy or imitation of the
8  MARLBORO Trade Dress under the name "King Mountain".  More specifically,
9  King Mountain's cigarette packs feature a design of a white mountain set
10  against a red background that clearly evokes Philip Morris USA's Red
11  Roof Design, more fully described herein.  In addition, King Mountain
12  uses a font for its lettering that is very similar to that appearing on
13  the MARLBORO packs, and Defendants imitate other elements of Philip
14  Morris USA's MARLBORO Trade Dress, even down to the placement of the
   cigarette count and "Filter Cigarettes" heading.

15      3.    Through their actions, Defendants mislead consumers into
16  thinking that Philip Morris USA is affiliated, connected, or associated
17  with Defendants and/or that Philip Morris USA sponsors, endorses,
18  licenses or otherwise approves of Defendants' products.  Indeed, Philip
19  Morris USA has already learned of actual consumer confusion arising as
20  a result of Defendants' infringing activities.

21      4.    Defendants have intentionally infringed and diluted, and
22  continue intentionally to infringe and dilute, Philip Morris USA's
23  MARLBORO Trade Dress and have profited from this illegal use.  Moreover,
24  because of the poor quality of their cigarettes sold under the

COMPLAINT - 2

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1  infringing trade dress, Defendants have tarnished Philip Morris USA's

2  reputation.

### JURISDICTION AND VENUE

4    5.    This is an action arising under Sections 32, 43(a), and 43(c)

5  of the Lanham Act (15 U.S.C. §§ 1114, 1125(a), and 1125(c)), RCW §

6  19.86.010 and § 19.77.160, and common law unfair competition under

7  Washington state law.

8    6.    This Court has jurisdiction over the subject matter of this

9  action pursuant to:  (i) 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 15

   U.S.C. § 1121 for the claims arising out of violations of Sections 32,
10
   43(a), and/or 43(c) of the Lanham Act; (ii) 28 U.S.C. § 1332(a)(1), as
11
   an action between citizens of different states in which the amount in
12
   controversy exceeds $75,000, exclusive of interest and costs; and (iii)
13
   28 U.S.C. § 1367(a), pursuant to the principles of supplemental
14
   jurisdiction.
15
     7.    Venue in this district is proper under 28 U.S.C. § 1391(b)
16
   because, among other things, a substantial part of the events giving
17
   rise to the claims alleged herein occurred in this judicial district.
18
   Venue also is proper under 28 U.S.C. § 1391(c) because Defendants reside
19
   in this district.
20
### THE PARTIES
21
     8.    Plaintiff Philip Morris USA Inc. is a corporation organized
22
   and existing under the laws of the Commonwealth of Virginia with its
23
   principal place of business at 6601 West Broad Street, Richmond,
24
   Virginia 23230.

COMPLAINT - 3

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

9.   On information and belief, Defendant King Mountain Tobacco Company, Inc.  ("King Mountain Tobacco") is a corporation organized and existing under the laws of the State of Washington with an address at P.O. Box 669, White Swan, Washington, 98952 and a business location at 1200 North White Swan Road, White Swan, Washington, 98952.

10.   On information and belief, Defendant Mountain Tobacco is a corporation purportedly organized under the federally-recognized Yakima Nation with its principal place of business at 1200 North White Swan Road, White Swan, Washington, 98952.

11.   On information and belief, Defendant Delbert L. Wheeler, Sr. is the President of King Mountain Tobacco who resides at 1200 North White Swan Road, White Swan, Washington, 98952-0237.

## FACTS GIVING RISE TO THIS ACTION

### A.    The MARLBORO Trade Dress

12.   Since 1883, Philip Morris USA (or a predecessor) has manufactured, marketed, and sold cigarettes, including the famous MARLBORO® brand cigarettes, in the United States.  Philip Morris USA has invested substantial time, effort, and money in advertising and promoting the MARLBORO® brand.  As a result, MARLBORO® is the most popular brand of cigarettes in the United States.

13.   One of the distinctive features of the MARLBORO® brand is its MARLBORO Trade Dress.  The version of this trade dress displaying the "Red Roof Design" in a red, white and gold color scheme includes:  the distinctive MARLBORO Roof Design that is comprised of a five-sided

COMPLAINT - 4

WITHERSPOON. KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

figure with its upper sides extended to make right angle corners with the top and two sides, and the bottom two sides forming upwardly and inwardly sloping diagonals; the distinctive font, size, and typeface of the MARLBORO® brand name, which is located towards the bottom of the pack, centered; the placement of a white banner with red lettering against the red background at the top of the cigarette pack; the gold and red Philip Morris USA insignia located directly under the peak of the MARLBORO Roof Design; and the placement of the term "20 CLASS A CIGARETTES" at the bottom of the cigarette pack. The red version of the MARLBORO Trade Dress is displayed in Exhibit A.

14.    The menthol version of the MARLBORO® pack displays almost precisely the same trade dress, with a bright green color substituted for the red color to form a "Green Roof Design," as shown in Exhibit B.

15.    The lights version of the MARLBORO® pack displays almost precisely the same trade dress, with a gold color substituted for the red color in Red Roof Design to form a "Gold Roof Design," as shown in Exhibit C.

16.    A portion of the MARLBORO Trade Dress is also displayed on the sides, bottom, and top of the MARLBORO® brand cigarette packs. The bottom of the regular pack includes the distinctive MARLBORO Roof Design with the MARLBORO® trademark; the sides of all of the packs are split with the top half depicted in red, green, or gold for the regular, menthol, and lights versions of the packs respectively; and the top of the regular pack includes a solid red background, with the MARLBORO® trademark depicted in white lettering in a specific font. Attached

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

hereto as Exhibit D are photographs of the bottom, sides and top of the regular, menthol, and lights MARLBORO® brand cigarette packs bearing portions of the MARLBORO Trade Dress.

17.    To enhance its rights in the MARLBORO Roof Design, Philip Morris USA has obtained several registrations incorporating this image from the United States Patent and Trademark Office (the "USPTO"), including, among others: Registration No. 938,510, in which the roof portion of the design is claimed in the color red; Registration No. 1,544,782, in which the roof portion of the design is claimed in the color green; and Registration No. 1,038,989, in which the roof portion of the design is claimed in the color gold (collectively the "MARLBORO Roof Design Registrations").    These registrations are incontestable. Attached hereto as Exhibit E are copies of the registration certificates for the MARLBORO Roof Design Registrations and printouts from the United States Patent and Trademark Office's TARR database reflecting these registrations.

18.    The MARLBORO Trade Dress is used extensively in connection with the marketing and sale of Philip Morris USA's famous MARLBORO® brand cigarettes.    Philip Morris USA advertises and sells its premium cigarettes throughout the United States.

19.    The MARLBORO Trade Dress is famous, distinctive, and nonfunctional.    U.S. consumers rely on the MARLBORO Trade Dress to identify Philip Morris USA's cigarettes and to distinguish them from other cigarettes.    The MARLBORO Trade Dress symbolizes the goodwill towards Philip Morris USA's products in which Philip Morris USA has made

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1    substantial investments.

2    **B.**    **Defendants' King Mountain Cigarettes and Infringing Trade Dress**

3    20.   On  information  and  belief,  Defendants  are  cigarette

4    wholesalers that operate out of Washington State and sell the King

5    Mountain  cigarettes  in  interstate  commerce,  including  in  Washington

6    State.

7    21.   On information and belief, King Mountain distributes and sells

8    in interstate commerce full-flavored, filtered cigarettes in 20-count

9    packs bearing trade dress strikingly similar to the MARLBORO Trade Dress

10   (the "Infringing Trade Dress").   As explained above, the principal

11   feature of Defendants' trade dress is a white mountain set against a red

12   (or green or gold) background that clearly evokes Philip Morris USA's

13   Red (or Green or Gold) Roof Design.

14   22.   King Mountain has also copied other elements of the MARLBORO

15   Trade Dress, including:  the overall red (or green, in the menthol

16   version, and gold in the lights version), white, and gold color scheme;

17   the precise font, size, and typeface of the KING MOUNTAIN brand name,

18   which is nearly identical to the font, size, typeface, and placement as

19   used on Philip Morris USA's MARLBORO® brand cigarettes; the placement of

20   a white banner with red lettering against the red background at the top

21   of the cigarette pack (or, in the case of the menthol cigarettes, a

22   white banner with green lettering against a green background and, in the

23   case of the lights cigarettes, a white banner against a gold

24   background); a yellow and red insignia of what appears to be the profile

COMPLAINT - 7

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1   of a Native American located directly under the peak of the design; and

2   the placement of the term "20 CLASS A CIGARETTES" at the bottom of the

3   cigarette pack.

4       23.   Additionally, portions of the Infringing Trade Dress are

5   displayed on all sides of the King Mountain cigarette packs.  The bottom

6   of the King Mountain cigarette pack includes a design strikingly similar

7   to the MARLBORO Roof Design; the sides of the KING MOUNTAIN pack, like

8   those of the MARLBORO pack, are split, with the top half depicted in

9   either red, green, or gold for the regular, menthol, and lights versions

10  of the packs respectively; and the top of the packaging includes a solid

11  red, green, or gold background for regular, menthol, and lights packs

12  respectively, with the King Mountain name depicted in white lettering in

13  a specific font.   Attached as Exhibit F are true and correct images of

14  the Infringing Trade Dress.

15      24.   Even   a   cursory   review   of   the   Infringing   Trade   Dress

16  demonstrates that it is remarkably similar to the MARLBORO Trade Dress.

17  There  can  be  no  doubt  that  Defendants  intended  to  create  a  visual

18  impression that would immediately call to mind the famous MARLBORO Trade

19  Dress.   Defendants are thus attempting to free ride off of the extensive

20  goodwill and recognition that Philip Morris USA has taken decades and

21  billions of dollars to create.

22      25.   Defendants have also attempted falsely to claim rights in the

23  Infringing Trade Dress by filing trademark applications with the USPTO

24  to  register  that  trade  dress.   Specifically,  on  February  24,  2004,

25  Defendant Delbert L. Wheeler, Sr. filed Serial No. 78-373,524, seeking

COMPLAINT - 8

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

to register the green version of the Infringing Trade Dress; that application has since been abandoned.  The second application, Serial No. 78-686,259, was filed under the name "Mountain Tobacco" on August 5, 2005, and includes the red version of the Infringing Trade Dress.  This application is still pending.  Attached hereto as Exhibit G are printouts from the USPTO's TARR database reflecting these applications, which are referred to as the "Infringing Applications."

26.  Just recently, the USPTO has recognized that Defendants' application infringes Philip Morris USA's rights.  In an official "Office Action" dated March 27, 2006, the USPTO refused registration of Application Serial No. 78-686,259, which includes the red version of the Infringing Trade Dress, citing two of Philip Morris USA's registrations as a basis for this refusal.  The USPTO found a likelihood of confusion between Defendants' application and Philip Morris USA's registered marks, stating:

> The dominant portions of the marks, namely, the appearance of the packaging, provide the same commercial impression due to the similarity in the mountain and the registrant's crest and the color of the background of both products being red.  The applicant's mark and that of the registrant are similar in appearance and commercial impression, and therefore, are likely to cause confusion as to the origin of the goods.

27.  In addition, Philip Morris USA has learned that there has been actual consumer confusion between the MARLBORO Trade Dress and the Infringing Trade Dress.  Specifically, a consumer in this judicial district who smokes MARLBORO® cigarettes recently entered a local shop and asked for a box of MARLBORO® red shorts; the cashier instead gave

COMPLAINT - 9

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1    him "Mountain 100 full flavor" cigarettes.  When the consumer smoked the

2    "Mountain 100 full flavor" cigarettes, he became violently ill.  This

3    incident not only shows that both the cashier and the consumer were

4    confused by the Infringing Trade Dress, but it also demonstrates that

5    the poor quality of Defendants' cigarettes -- which in fact made the

6    consumer ill -- tarnishes Philip Morris USA's reputation for offering

7    for sale high quality MARLBORO® products.

8         28.   Philip Morris USA has tried to resolve this matter amicably by

9    writing to Defendants.   Philip Morris USA wrote to Mr. Wheeler on

10   December 12, 2005, demanding that he abandon Application Serial No. 78-

11   686,259, and that he promise to refrain from any future use of the

12   Infringing Trade Dress.   Philip Morris USA has not, however, received

     any response whatsoever from Defendants.

13   **C.    Defendants' Unauthorized Use of the MARLBORO Trade Dress**

14        29.   Defendants' Infringing Trade Dress is strikingly similar to

15   Philip Morris USA's MARLBORO Trade Dress in several important respects.

16   Aside from the blatant infringement of the famous Marlboro Red Roof

17   Design (as well as the Green Roof and Gold Roof Designs), for example,

18   Defendants have adopted a color scheme identical to the color scheme on

19   the MARLBORO® brand of cigarettes.  Moreover, the Infringing Trade Dress

20   displays a nearly identical typeface, font, and placement of other

21   important trade dress aspects such as the insignia.   To be sure,

22   Defendants' use of the Infringing Trade Dress was in no way authorized

23   by Philip Morris USA.

24        30.   Defendants' actions were intentional:   Defendants' selection

COMPLAINT - 10

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

of such a similar trade dress was a calculated effort to trade on Philip Morris USA's goodwill and confuse consumers into believing that there is an affiliation or sponsorship between Philip Morris USA and Defendants. The Infringing Trade Dress was expressly designed and intended to capture Philip Morris USA's customer base and increase Defendants' revenues.

31.  As a result of Defendants' acts, actual and potential consumers are likely to be confused into thinking that King Mountain cigarettes are endorsed or sponsored by, or otherwise affiliated with, Philip Morris USA.  Indeed, Philip Morris USA already has evidence of consumers who were in fact actually confused into believing that Defendants were related to, sponsored by, or otherwise affiliated with Philip Morris USA as a result of the Infringing Trade Dress.

32.  In addition to the substantial risk of consumer confusion, Defendants' actions also dilute and are likely to dilute the distinctive quality of the famous MARLBORO Trade Dress, which has for many years (since long prior to Defendants' infringing behavior) been recognized and relied upon by the trade and the public to identify Philip Morris USA's tobacco products, and to distinguish them from other tobacco manufacturers' products. Defendants' unlawful use of the MARLBORO Trade Dress is causing blurring in the minds of consumers between Philip Morris USA and Defendants' products and is tarnishing Philip Morris USA's reputation, thereby lessening the value of the MARLBORO Trade Dress as a unique identifier of Philip Morris USA's high quality products. Defendants' actions have injured and threaten to continue to

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1   injure Philip Morris USA by, among other things, causing a loss of

2   goodwill associated with Philip Morris USA's MARLBORO Trade Dress as

3   well as a dilution of its distinctive, high quality attributes.

**FIRST CAUSE OF ACTION**
**(For Infringement of Registered Trademarks in Violation of**
**Section 32 of the Lanham Act, 15 U.S.C. § 1114)**

6   33. Philip Morris USA specifically realleges and incorporates by

7   reference each and every allegation contained in Paragraphs 1-32 hereof.

8   34. The USPTO has granted federal trademark registrations

9   incorporating key elements of the MARLBORO Trade Dress, including the

10  Red, Green, and Gold Roof Designs, the distinctive font in which the

11  MARLBORO word mark is depicted, and the crest displayed on the cigarette

12  packs. Copies of such registration certificates are attached hereto as

13  Exhibit E and are incorporated herein by reference.

14  35. Defendants are liable for infringement of these registered

15  trademarks incorporating key elements of the MARLBORO Trade Dress. With

16  knowledge of the MARLBORO Trade Dress, Defendants have used the

17  identical or confusingly similar Infringing Trade Dress on or in

18  connection with the sale or offering for sale and distribution of

19  cigarettes in interstate commerce. Indeed, the USPTO has acknowledged

20  this infringement in refusing registration of Defendants' pending

21  Application Serial No. 78-686,259 for the Infringing Trade Dress.

22  36. Defendants' use of the Infringing Trade Dress constitutes use

23  in commerce, without the consent of Philip Morris USA, of a

24  reproduction, counterfeit, copy or colorable imitation of Philip Morris

USA's registered marks in connection with the advertisement, promotion,

COMPLAINT - 12

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

sale, and distribution of products identical or nearly identical to those offered by Philip Morris USA, which are likely to cause confusion or mistake, or to deceive consumers and therefore infringe Philip Morris USA's rights in violation of 15 U.S.C. § 1114(1).

37. Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions. Philip Morris USA is also entitled to damages, trebled, and to reasonable attorneys fees and costs as a result of Defendants' willful conduct.

### SECOND CAUSE OF ACTION
**(For False Designation of Origin and Trade Dress Infringement in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a))**

38. Philip Morris USA specifically realleges and incorporates by reference each and every allegation contained in Paragraphs 1-32 hereof.

39. Defendants' acts alleged herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Philip Morris USA, or as to the sponsorship or approval of Defendants' goods and services, or commercial activities by Philip Morris USA. Indeed, as described above, such actual confusion has already occurred. Defendants' actions further misrepresent the nature, characteristics, or qualities of their goods, services, or commercial activities.

40. As described above, Philip Morris USA owns a distinctive trade dress, the MARLBORO Trade Dress, in its packaging of its MARLBORO®,

COMPLAINT - 13

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

1  MARLBORO® Menthol Lights, and MARLBORO® Lights cigarettes. By

2  displaying the Infringing Trade Dress without Philip Morris USA's

3  authorization on King Mountain cigarettes sold in commerce, Defendants

4  violate Philip Morris USA's rights in its nonfunctional, distinctive

5  trade dress and engage in unfair competition.

6    41.  Defendants' sale and/or offering for sale of King Mountain

7  cigarettes bearing a close copy or imitation of the MARLBORO Trade Dress

8  is likely to cause confusion or mistake, or to deceive consumers into

9  thinking that Defendants are affiliated, connected, or associated with

10  Philip Morris USA and/or that Philip Morris USA sponsors, endorses,

11  licenses, or approves Defendants' King Mountain products, and has

12  already caused such confusion. Defendants' acts as alleged herein

13  misrepresent the origin, nature, characteristics, or qualities of the

    King Mountain cigarettes.

14    42.  Philip Morris USA has no adequate remedy at law for the

15  foregoing wrongful conduct. Philip Morris USA has been and, absent

16  injunctive relief, will continue to be irreparably harmed by Defendants'

17  actions. Philip Morris USA is also entitled to damages, trebled, and to

18  reasonable attorneys fees and costs as a result of Defendants' willful

19  conduct.

20              **THIRD CAUSE OF ACTION**

21  **(Trademark Dilution Under Section 43(c) of the Lanham Act,**
    **1125 U.S.C. § 1125(c)**

22    43.  Philip Morris USA specifically realleges and incorporates by

23  reference each and every allegation contained in Paragraphs 1-32 hereof.

24    44.  By virtue of Philip Morris USA's prominent, long, and

COMPLAINT - 14

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

continuous use of the MARLBORO Trade Dress in interstate commerce, such trade dress became distinctive and famous within the meaning of 15 U.S.C. § 1125(c) long before Defendants began use of the Infringing Trade Dress.

45.    Defendants are liable for dilution of the MARLBORO Trade Dress.  As alleged above, Defendants' intentional use of the MARLBORO Trade Dress on the packs for the King Mountain cigarettes they sell and/or offer for sale throughout the United States, without Philip Morris USA's authorization or consent, actually lessens the capacity of the MARLBORO Trade Dress to identify and distinguish Philip Morris USA's goods and services.  Moreover, Defendants' use of the MARLBORO Trade Dress actually tarnishes Philip Morris USA's MARLBORO® cigarettes by causing relevant consumers to associate Philip Morris USA's products with Defendants and/or their inferior products, as described more fully in Paragraph 27.

46.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct.  Philip Morris USA has been and, absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.  Philip Morris USA is also entitled to damages, trebled, and to reasonable attorneys fees and costs as a result of Defendants' willful conduct.

### FOURTH CAUSE OF ACTION
**(For Unfair Competition and Unfair and Deceptive Acts and Practices in Violation of RCW § 19.86.010 et seq.)**

47.    Philip Morris USA specifically realleges and incorporates by

COMPLAINT - 15

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

reference each and every allegation contained in Paragraphs 1-32 hereof.

48.    By the acts described above, Defendants have willfully engaged in unfair competition and unfair and deceptive acts and practices in the conduct of business and furnishing of goods in violation of RCW § 19.86.010 *et seq*. On information and belief, Defendants' conduct occurs in trade or commerce, impacts the public interest, and has caused injury to both Philip Morris USA and to consumers within Washington.

49.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been and, absent injunctive relief, will continue to be irreparably harmed by Defendants' actions. In addition, Philip Morris USA seeks monetary damages in an amount to be proven at trial, trebled as permitted by RCW § 19.86.090, and attorneys fees and costs.

**FIFTH CAUSE OF ACTION**
**(For Trademark Dilution in Violation of RCW § 19.77.160)**

50.    Philip Morris USA specifically realleges and incorporates by reference each and every allegation contained in Paragraphs 1-32 hereof.

51.    Philip Morris USA is the U.S. owner of the MARLBORO Trade Dress. By virtue of Philip Morris USA's prominent, long and continuous use of the MARLBORO Trade Dress, it has become and continues to be distinctive and famous.

52.    Defendants are liable for dilution of the MARLBORO Trade Dress. Defendants' use of the MARLBORO Trade Dress actually dilutes the fame and distinctiveness of the MARLBORO Trade Dress and lessens the capacity of such trade dress to identify and distinguish Philip Morris

COMPLAINT - 16

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

USA's goods and services.  Defendants' unlawful and unauthorized use of the MARLBORO Trade Dress is tarnishing the MARLBORO Trade Dress and causing blurring in the minds of consumers between Philip Morris USA and Defendants, thereby lessening the value of the MARLBORO Trade Dress as a unique identifier of Philip Morris USA products.

53.  Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct.  Philip Morris USA has been and, absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.  In addition, Philip Morris USA seeks monetary damages, trebled as permitted by RCW § 19.77.150, and attorneys fees and costs.

### SIXTH CAUSE OF ACTION
#### (For Common Law Unfair Competition)

54.  Philip Morris USA specifically realleges and incorporates by reference each and every allegation contained in Paragraphs 1-32 hereof.

55.  Defendants' conduct, as alleged above, constitutes unfair competition under Washington common law.  Defendants' acts have resulted in the "passing off" of Defendants' products as those of Philip Morris USA, or as somehow related or associated with, or sponsored or endorsed by, Philip Morris USA.

56.  Defendants' wrongful acts have injured and threaten to continue to injure Philip Morris USA.  Among other things, Defendants have realized revenue and profits by virtue of their wrongful acts that they would not otherwise have obtained and to which they are not entitled.  Philip Morris USA has been injured and will continue to incur attorneys fees and costs in bringing the present action.

COMPLAINT - 17

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

57.   These wrongful acts by Defendants have caused and will continue to cause Philip Morris USA substantial injury, including loss of customers, confusion of existing and potential customers, injury to Philip Morris USA's reputation, and diminution in the value of the MARLBORO Trade Dress.  The harm these wrongful acts will cause to Philip Morris USA is both imminent and irreparable, and the amount of damage sustained by Philip Morris USA will be difficult to ascertain if these acts continue.  Philip Morris USA has no adequate remedy at law for the wrongful actions of Defendants.

WHEREFORE, Plaintiff Philip Morris USA prays for judgment as follows:

1.   For a judgment that:

(i)   Defendants have engaged in infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

(ii)   Defendants have engaged in false designation of origin and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(iii)   Defendants have engaged in trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

(iv)   Defendants have engaged in unfair competition and unfair and deceptive acts and practices in violation of RCW § 19.86.010 et seq.;

(v)   Defendants have engaged in trademark dilution in

COMPLAINT - 18

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

violation of RCW § 19.77.160; and

(vi) Defendants have engaged in common law unfair competition in violation of Washington state common law.

2. For an injunction restraining and enjoining Defendants and their divisions, subsidiaries, officers, agents, servants, employees, representatives, and attorneys, and all those persons in active concert or participation with them, who receive actual notice of the order by personal service or otherwise, from:

(i) making any present or future use of the MARLBORO Trade Dress, or of any other marks, names, designs, logos, and/or trade dress substantially or confusingly similar thereto, or to any other Philip Morris USA trademarks and/or trade dress, including but not limited to the Infringing Trade Dress;

(ii) engaging in any activity constituting an infringement or dilution of any of Philip Morris USA's rights in its trademarks, including, without limitation, the MARLBORO Trade Dress; and

(iii) selling and/or offering for sale tobacco or tobacco-related products, including but not limited to King Mountain cigarettes, in packs that make use of the MARLBORO Trade Dress, or of any marks, names, designs, logos, and/or trade dress substantially or confusingly similar thereto, or of any other Philip Morris USA

COMPLAINT – 19

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

trademarks and/or trade dress, including without limitation the Infringing Trade Dress.

3. For an order awarding Philip Morris USA:

(i)   Defendants' profits derived from their unlawful conduct, attorneys fees, and costs to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117 and the common law, with damages awarded under 15 U.S.C. § 1117 trebled;

(ii)  awarding Philip Morris USA damages, costs and attorneys fees to the full extent provided for by RCW § 19.77.150, with damages trebled;

(iii) awarding Philip Morris USA damages and attorneys fees and costs to the full extent provided for by RCW § 19.86.090, with damages trebled; and

(iv)  awarding Philip Morris USA actual damages under the common law.

4. For an order requiring Defendant Mountain Tobacco to abandon its trademark application, Serial No. 78-686,259.

5. For an order requiring Defendants to deliver up to Philip Morris USA for destruction or other disposition all remaining stock and/or inventory of all items bearing the MARLBORO Trade Dress, and/or any copy of imitation thereof, and all means of making the same.

6. For an order requiring Defendants to disseminate corrective advertisements in a form approved by the Court to acknowledge their violations of the Lanham Act and the common law of trademark

COMPLAINT - 20

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

infringement, trade dress infringement and unfair competition, and to ameliorate the false and deceptive impressions produced by such violations.

7.   For such other and further relief as the Court shall deem appropriate.

DATED this ___7___ day of August, 2006.

WITHERSPOON, KELLEY, DAVENPORT
& TOOLE, P.S.

By_____
William D. Symmes
William M. Symmes
Attorneys for Plaintiff

COMPLAINT – 21

WITHERSPOON, KELLEY, DAVENPORT & TOOLE
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0302
(509) 624-5265

**EXHIBIT A**



**EXHIBIT B**



25

**EXHIBIT C**



FILTER CIGARETTES

# Marlboro
## LIGHTS
### 20 CLASS A CIGARETTES

**EXHIBIT D**













34





